UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL MANUEL TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>WINSTON Y. CHAN, et al.,<br><br>Defendants. | Case No. 16-cv-03428-EMC<br><br>**ORDER OF DISMISSAL** |

Joel Manuel Taylor filed this *pro se* civil action and applied to proceed *in forma pauperis*. His complaint is now before the Court for review under 28 U.S.C. § 1915(e), which allows the Court to dismiss an *in forma pauperis* action if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In this action, Mr. Taylor sues the private attorneys -- four individuals and their law firm of Gibson, Dunn & Crutcher -- appointed to represent him in his federal criminal case. Mr. Taylor alleges that Defendants were negligent and committed other torts in their representation of him in his criminal case. According to a recent order in the federal criminal case, the federal criminal case against Mr. Taylor has been stayed and his counsel has withdrawn. *See* Docket No. 130 in *United States v. Taylor*, No. 14-cr-0117 JST.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As relevant here, the Court only has jurisdiction to entertain this action if the parties have diverse citizenship, *see* 28 U.S.C. § 1332, or if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983 or under *Bivens v. Six Unknown Named Agents*, 403 U.S.

388 (1971). (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, this action can go forward in federal court only if there is diversity jurisdiction, or if a claim is stated under § 1983 or *Bivens*.

Diversity jurisdiction is absent because Mr. Taylor and the defendants are citizens of California. Diversity jurisdiction requires an amount in controversy greater than $75,000 and, more important for present purposes, that the action is between "citizens of different States." *See* 28 U.S.C. § 1332(a)(1). Mr. Taylor alleges that he is a resident of California, that the individual defendants are residents of California, and that the law firm defendant is "organized and existing under the laws of the State of California, with its principal place of business in [San Francisco], California." Docket No. 1 at 1 (brackets in source). There is no diversity jurisdiction.

Federal question jurisdiction also is not alleged and does not appear to exist. A civil rights action under 42 U.S.C. § 1983 or *Bivens*, 403 U.S. 388, would give the Court federal question jurisdiction over this action, but Mr. Taylor's claim cannot be pursued under either § 1983 or *Bivens* because of the absence of a state or federal actor. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To state a claim under *Bivens* and its progeny, a plaintiff must allege (1) that a right secured by the Constitution of the United States was violated and (2) that the alleged violation was committed by a federal actor. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (*Bivens* actions and actions under 42 U.S.C. § 1983 are identical save for replacement of state actor under § 1983 by federal actor under *Bivens*).

Here, none of the defendants is a state or federal actor, and the absence of such is fatal to both a § 1983 action and a *Bivens* action. A public defender or other appointed counsel for a defendant in a criminal proceeding does not act under color of state law when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *see Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (private

attorney is not a state actor). This rule applies in a *Bivens* action as well as a Section 1983 action, i.e., the public defender or other appointed criminal defense attorney in federal court does not act under color of federal law when performing a lawyer's traditional functions. *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982). Although there is an exception to this rule which permits liability for an attorney jointly acting with state or federal officials in a conspiracy and acting under color of state or federal law, *see Dennis v. Sparks*, 449 U.S. 24, 29 (1980), Mr. Taylor has not alleged facts showing such a conspiracy between any defendant and any government officials.[1]

Mr. Taylor has not identified any other federal statute that would give this Court federal question jurisdiction, and the Court is not aware of one that would. There is no federal question jurisdiction.

For the foregoing reasons, this action is dismissed for lack of subject matter jurisdiction. The action must be pursued, if at all, in state court. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: October 24, 2016

_____
EDWARD M. CHEN
United States District Judge

---

[1] Mr. Taylor filed an amendment to his complaint, in which he used the term "conspiracy." *See* Docket No. 6. But the conspiracy mentioned in that document, and at Docket No. 1 at 8, is not a conspiracy in which the defendants are involved. Specifically, Mr. Taylor alleged that, in the course of proceedings to determine whether he was competent to stand trial and/or psychotropic medications should be involuntarily administered, Dr. Preston's clinical formulation report stated that "Mr. Taylor presents with prominent paranoid ideation. He appears fixated on the delusional belief that he was purposely infected with HIV, and that there[']s a conspiracy to deny him medical treatment for this condition." Docket No. 6 at 1-2. The allegation that an evaluating doctor reported that Mr. Taylor had a delusion that there was a conspiracy to deny him medical care does not even remotely suggest the Defendants were in a conspiracy with state or federal actors in their legal representation of him.